FILED
MAY - 3 2011
CLERK'S OFFICE, DETROIT-PSG
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BAGWELL,

       Plaintiff,

vs.

OAKLAND COUNTY SHERIFF'S
OFFICE,

       Defendant.   /

CIVIL ACTION NO. 11-10032

HONORABLE DENISE PAGE HOOD

HONORABLE MONA K. MAJZOUB

**I.   RECOMMENDATION:** This Court recommends that the Motion to Dismiss filed by Defendant Oakland County Sheriff's Office (docket no. 16) be **GRANTED IN PART AND DENIED IN PART**.

**II.   REPORT:**

This matter comes before the Court on the Motion to Dismiss filed by Defendant Oakland County Sheriff's Office on March 24, 2011. (Docket no. 16). Plaintiff filed a response. (Docket no. 17). Defendant filed a reply. (Docket no. 18). All pretrial matters have been referred to the undersigned for action. (Docket no. 12). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff filed this action on January 4, 2011 pursuant to 42 U.S.C. § 1983, naming the Oakland County Sheriff's Office as the only Defendant. (Docket no. 1). Plaintiff later filed a "Motion for Increased Amendments and Compensatory Damages and Modification of Original Complaints and Amendments" and a letter, which the Court construed as a motion to amend complaint and an amended complaint. (Docket nos. 6, 7, 19). Plaintiff's motion named "Oakland

1

County Sheriff's Department, Staff as named in complaint" as the Defendant. (Docket no. 6). Defendant Oakland County Sheriff's Office and/or Department now moves to dismiss Plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that it is not a recognized legal entity subject to suit. (Docket no. 16).

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court clarified what must be pleaded in order to survive a Rule 12(b)(6) motion to dismiss. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .' " *Id.* at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Courts have repeatedly and uniformly held that a county sheriff's department is an agency of the county, not a separate legal entity and thus cannot be sued. *See Watson v. Gill*, 40 Fed. App'x. 88, 89 (6th Cir.2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Luster v. Macomb Cnty Sheriff's Jail*, No. 06-12273, 2007 WL 1219028, *2 (E.D.Mich. April 25, 2007) (Macomb County Sheriff's Jail not a legal entity capable of being sued); *Coopshaw v. Lenawee Cnty Sheriff's Office of Lenawee Cnty*, No. 05-72569, 2006 WL 3298898, at *7 (E.D.Mich. Nov. 14, 2006); *Vine v. Cnty of Ingham*, 884 F.Supp. 1153, 1158 (W.D. Mich. 1995); *Hughson v. Cnty of Antrim*, 707 F.Supp. 304 (W.D. Mich. 1988).

In *Pegross v. Wayne Cnty Jail*, No. 07-12839, 2008 WL 6722771 (E.D. Mich. May 22, 2008), the pro se plaintiff filed claims against multiple county jails without naming the related counties as defendants. In determining whether to grant summary judgment in favor of the Sanilac County Jail, the court observed that in many cases where claims against a non-legal entity such as

a county jail were dismissed, the proper legal entity automatically defended the suit or was named as an additional defendant. *Id.* at *3 (citing cases). The court concluded that when the correct entity is not also named in the lawsuit, the proper course of action is not to dismiss the claims but to construe the complaint as though it had been filed against the appropriate county. *Id.*

To state a claim against a county under § 1983, a plaintiff must allege that his injury was caused by an unconstitutional policy or custom of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[A] 'custom' is a legal institution that is permanent and established, but is not authorized by written law." *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir.1993) (citing *Monell*, 436 U.S. at 691). A § 1983 plaintiff may establish the existence of a custom by showing that policymaking officials knew about and acquiesced in the practice at issue. *Memphis, Tenn. Area Local. Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 902 (6th Cir.2004).

Plaintiff has not alleged that his rights were violated by any written policy of the county. However, Count five of Plaintiff's original complaint alleges that Oakland County engaged in "patterns of deliberate discriminatory enforcement of rules and harassment against Plaintiff in retribution for this lawsuit and the exercise of Plaintiff's religious beliefs." (Docket no. 1 at 6). Similarly, Claim five of the amended complaint alleges that Defendant deprived Plaintiff of Ramadan, prayer, meditation, the Holy Qur'an, and other pamphlets, and newsletters on the basis of race. (Docket no. 7). Construing Plaintiff's claims liberally, it appears that certain of Plaintiff's claims could proceed against Oakland County if Oakland County is substituted as the proper Defendant in this action.

In addition to naming the Oakland County Sheriff's Office and/or Department as a Defendant, Plaintiff's "Motion for Increased Amendments and Compensatory Damages and

3

Modification of Original Complaints and Amendments" identified "staff as named in complaint." (Docket no. 6). Federal Rule of Civil Procedure 10(a) states that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties. . . ." Fed.R.Civ.P. 10(a). Individuals who are not named as parties in the caption of a complaint are not parties and the U.S. Marshal Service will not effectuate service against them. *Aslani v. Sparrow Health Sys.*, No. 08-CV-298, 2009 WL 3711602, at *7 n.9 (W.D. Mich. Nov. 3, 2009); *Johnson v. Harris*, No. 08-13328, 2009 WL 3126315, at *9 (E.D. Mich. Sept. 28, 2009).

Plaintiff's original and amended complaint refer to various individuals but do not name these individuals as Defendants in the caption. Indeed, Plaintiff's amended complaint does not contain a case caption. (Docket no. 7). When a party names an individual in the body of his complaint but fails to name that individual in the caption of the complaint, the way to correct that error is to file an amended complaint. *Green v. G2 Secure Staff, LLC*, No. 07-409-C, 2008 WL 782612, at *2 (W.D. Ky. March 21, 2008) (citation omitted).

Based on the above considerations, Defendant's motion to dismiss should be granted only to the extent that Plaintiff's claims should not proceed against the Oakland County Sheriff's Office and/or Department. The Court recommends that Plaintiff's amended complaint (docket no. 7) be stricken for failure to comply with Federal Rule of Civil Procedure 10(a). Plaintiff should be ordered to file an amended complaint for the purpose of amending the caption. The caption should comply with Federal Rule of Civil Procedure 10(a) and include the court's name, a title, case number 11-10032, and the designation "First Amended Complaint." The caption should name "Oakland County" as a Defendant and should name all other individuals Plaintiff is suing. If Plaintiff fails to

4

file an amended complaint as ordered, then consistent with *Pegross*, "Oakland County" should be substituted for Oakland County Sheriff's Office and/or Department as the only proper legal Defendant, and Plaintiff should be permitted to proceed against Oakland County on Count five of the original complaint. The U.S. Marshal Service would then have to be instructed to serve Oakland County.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised

in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 3, 2011          s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon James Bagwell and Counsel of Record on this date.

Dated: May 3, 2011          s/ Lisa Anderson