UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BAGWELL

       Plaintiff,                               Case No. 11-10032
vs.                                         HONORABLE DENISE PAGE HOOD

OAKLAND COUNTY SHERIFF'S
OFFICE,

       Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION [DOCKET NO. 20 ]

This matter is before the Court on Magistrate Mona M. Majzoub's Report and Recommendation ("R&R") **[Docket No. 20, filed May 3, 2011]**. Neither party has filed an objection to the R&R. For the reasons set forth below, the Court accepts the R&R.

I.    STANDARD OF REVIEW

    A.    **Report and Recommendation**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. The court "may accept, reject or modify, in whole or in part, the findings or recommendation made by the magistrate." 28 U.S.C. § 636(B)(1). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.

    B.    **Motion to Dismiss for Failure to State a Claim**

Pursuant to Rule 12(b)(6), a motion to dismiss for failure to state a claim upon which relief may be granted is appropriate when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

1

of relief that is plausible on its face…A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007)).

### C.   *Pro Se* Standards of Review

When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, U.S. 519, 520 (1972). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). In other words, "the lenient treatment generally afforded to *pro se* litigants has limits," and *pro se* litigants are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

## II.   ANALYSIS

Plaintiff filed this action on January 4, 2011 pursuant to 42 U.S.C. § 1983, naming the Oakland County Sheriff's Office as the only Defendant **[Docket No. 1]**. On April 4, 2011, Plaintiff filed a "Motion for Increased Amendments" and a letter, which the Court construed as a motion to amend the complaint and an amended complaint.  **[Docket Nos. 6, 7, 19]**. In the "Motion for Increased Amendments" the Plaintiff named "Oakland County Sheriff's Department, Staff as named in the complaint" as the Defendant **[Docket No. 6]**. Defendant Oakland Country Sheriff's Office and/or Department now moves to dismiss the Plaintiff's complaint, with prejudice, for failure to state a claim **[Docket No. 16]**.

In the May 3, 2011 R&R, the Magistrate Judge recommended that the Motion to Dismiss be granted in part and denied in part. The Magistrate Judge found that Plaintiff's "Motion for

Increased Amendments" **[Docket No. 7]** should be stricken for failure to comply with Federal Rule of Civil Procedure 10(a) because it does not contain a proper case caption. The Magistrate Judge recommended that Plaintiff should be ordered to file an amended complaint for the purpose of amending the caption and listing the proper Defendant(s). Then, if the Plaintiff failed to file an amended complaint as ordered, relying on *Pegross v. Wayne Cnty. Jail*, No. 07-12839, 2008 WL 6722771 (E.D. Mich. May 22, 2008), the Magistrate Judge found that "Oakland County" should be substituted for the Oakland County Sheriff's Office and/or Department and the Plaintiff should be permitted to proceed against Oakland County on Count Five of the original complaint.

      The Magistrate Judge found that Defendant's motion to dismiss should be granted only to the extent that Plaintiff's claims should not proceed against the Oakland County Sheriff's Office. The Court agrees that a county's sheriff's department is not a recognized legal entity subject to suit. *See Watson v. Gill*, 40 Fed. App'x. 88, 890 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Sumner v. Wayne County*, 94 F.Supp 2d, 822 (E.D. Mich. 2000) (under Michigan law the "Wayne County Sheriff's Department" is not a recognized legal entity subject to suit). The Magistrate Judge relies on *Pegross v. Wayne Cnty. Jail*, No. 07-12839, 2008 WL 6722771 (E.D. Mich. May 22, 2008) in concluding that when the correct entity is not named in the lawsuit, the proper cause of action is not to dismiss the claims but to construe the complaint as though it had been filed against the appropriate county. The Court agrees with the Magistrate Judge's conclusion. "[T]his approach pays proper deference to the Sixth Circuit's precedent that makes clear that a *pro se* litigant's submissions are to be construed liberally." *Id*. The Court in *Pegross* acknowledged that Sixth Circuit cases have dismissed civil rights complaints because a non-legal entity was named as the defendant.

3

However, the Court in *Pegross* also noted that in many of these cases the plaintiff named the proper party as an additional defendant and many times the appropriate entity would automatically defend the suit. Most notably, the Court in *Pegross* found that in some cases, the Court construed the allegations to be against the proper defendant.

To state a claim under § 1983, a plaintiff must allege that his injury was caused by an unconstitutional policy or custom of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Count five of the Plaintiff's original complaint, construed liberally, alleges that the Plaintiff's injury was caused by an unconstitutional policy or custom of the municipality. A court will give leave to amend the complaint if the original complaint by the Plaintiff contains allegations of an unconstitutional policy or custom of the municipality and will survive a motion to dismiss if amended. *See Watson v. Gill*, 40 Fed. App'x. 88, 890 (6th Cir. 2002) (Court of Appeals affirms District Court's dismissal of Plaintiff's complaint because even if the complaint were amended or construed to list the appropriate entity as the defendant, the complaint does not allege an unconstitutional policy or custom and therefore, does not state a claim under § 1983); *Matthews v. Jones*, 35 F. 3d 1046, 1050 (6th Cir. 1994) (Court of Appeals finds that motion to amend was properly denied because even if the plaintiff had attempted to name the defendant in his individual capacity, the facts as alleged by Matthews do not state a claim under 42 U.S.C. § 1983). Construed liberally, the Plaintiff has stated a claim based on an unconstitutional policy or custom of the municipality under 42 U.S.C. §1983, if Oakland County is substituted as the proper defendant in this action. The Court agrees that if the Plaintiff fails to amend the caption as ordered by the Court "Oakland County" should be substituted as the Defendant and the Plaintiff should be permitted to proceed against Oakland County on Count Five of the original complaint.

The Court agrees with the Magistrate Judge that because Plaintiff's "Motion for Increased Amendments" refers to various individuals identified as "staff as named in the complaint" **[Docket No. 6]** but does not name these individuals as Defendants in the caption, the Plaintiff has not complied with the Federal Rule of Civil Procedure 10(a). Federal Rule of Civil Procedure 10(a) requires that the "title of the complaint must name all the parties." Therefore, consistent with the Magistrate Judge's recommendation, the Court agrees that Plaintiff be ordered to file an amended complaint, designated as "First Amended Complaint", for the purpose of amending the caption to comply with Federal Rule of Civil Procedure 10(a) and for the purpose of listing "Oakland County" as the Defendant (and any other individuals Plaintiff is suing). If the Plaintiff fails to amend the caption as ordered by the Court, then "Oakland County" should be substituted as the Defendant and the Plaintiff should be permitted to proceed against Oakland County on Count Five of the original complaint.

III.   **CONCLUSION**

For the reasons set forth above and in the R&R,

**IT IS ORDERED** that Magistrate Judge Mona M. Majzoub's Report and Recommendation ("R&R") **[Docket No. 20, filed May 3, 2011]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff James Bagwell's claims against the Oakland County Sheriff's Office and/or Department will not proceed and that Plaintiff's amended complaint **[Docket No. 7]** is stricken for failure to comply with Federal Rule of Civil Procedure 10(a).

**IT IS FURTHER ORDERED** that Plaintiff James Bagwell file an amended complaint designated as "First Amended Complaint" for the purpose of amending the caption to include the

court's name, a title, case number 11-10032, and naming "Oakland County" as a Defendant and all other individuals Plaintiff is suing.

   **IT IS FURTHER ORDERED** that if the Plaintiff fails to file an amended complaint as ordered, "Oakland County" will be substituted as the Defendant and Plaintiff will be permitted to proceed against Oakland County on Count Five of the original complaint.


Dated:   August 17, 2011            s/Denise Page Hood_____
                           United States District Judge


I hereby certify that a copy of the foregoing document was served upon James Bagwell #329286, 19459 Coventry, Detroit, MI 48203  and  counsel of record on  August 17, 2011 August 17, 2011, by electronic and/or ordinary mail.


                          s/LaShawn R. Saulsberry
                          Case Manager