UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BAGWELL,

        Plaintiff,                      CIVIL ACTION NO. 11-10032

vs.

                                      DISTRICT JUDGE DENISE PAGE HOOD

OAKLAND COUNTY SHERIFF'S    MAGISTRATE JUDGE MONA K. MAJZOUB
OFFICE,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:** This Court recommends that Defendant's Motion to Dismiss (docket no. 26) be granted and Plaintiff's Complaint be dismissed with prejudice due to Plaintiff's failure to prosecute this action.

In light of the above recommendation, Defendant Oakland County's Motion for Summary Judgment (docket no. 27) should be denied as moot without prejudice to the motion being reconsidered should the above recommendation not be adopted.

**II.** **REPORT:**

This matter comes before the Court on two motions. The first motion is Defendant Oakland County's Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(d) and 41(b). (Docket no. 26). The second motion is Defendant Oakland County's Motion for Summary Judgment. (Docket no. 27). Plaintiff has not responded to either motion and the time for responding has expired. Because Plaintiff has failed to prosecute his claims, the undersigned recommends that the Court grant

1

Defendant's Motion to Dismiss, deny Defendant's Motion for Summary Judgment as moot, and dismiss Plaintiff's Complaint. All pretrial matters have been referred to the undersigned for decision. (Docket no. 12). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.      Procedural Background**

On January 4, 2011, Plaintiff filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983 against the Oakland County Sheriff's Office for certain events that occurred during Plaintiff's incarceration in the Oakland County Jail. (Docket no. 1). In March 2011, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the Oakland County Sheriff's Office is not a recognized legal entity subject to suit. (Docket. No. 16). The Court determined that dismissal of the Complaint in its entirety was not the proper course of action and instead ordered Plaintiff to file an Amended Complaint naming "Oakland County" as the proper Defendant. The Court held that in the event Plaintiff failed to amend the Complaint as ordered, the Complaint would be construed as though it had been filed against Oakland County and Plaintiff would be permitted to proceed against Oakland County on Count Five of the original Complaint. (Docket nos. 20-21). On December 15, 2011, after Plaintiff failed to file an Amended Complaint, Oakland County filed an Answer to Count Five of the original Complaint denying Plaintiff's allegations. (Docket no. 22).

Subsequently, the Court entered a Scheduling Order setting deadlines for Final Witness Lists and the Discovery Cutoff. (Docket no. 23.) Defendant argues that Plaintiff failed to submit his Final Witness List. (Docket no. 26 at 7). Defendant also argues that Plaintiff failed to respond to Defendant's discovery requests and did not appear for his deposition on August 7, 2012. (Docket no. 26 at 7-8). Defendant contends that Plaintiff was then given a chance to reschedule his

deposition date, but failed to do so. (Docket no. 26 at 8). Defendant further contends that Plaintiff has failed to conduct any discovery of his own or respond to Defendant's discovery requests within the discovery period. Plaintiff has not denied Defendant's allegations or requested an extension of time to conduct discovery. Consequently, Plaintiff has failed to prosecute his claim and failed to comply with the Rules and Orders of this Court.

On September 7, 2012, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 37(d) and 41(b). (Docket no. 26). Plaintiff failed to respond to Defendant's Motion to Dismiss. On September 26, 2012, Defendant filed a Motion for Summary Judgment. (Docket no. 27). Once again, Plaintiff has failed to respond to Defendant's motion. Consequently, on May 14, 2013, the Court entered a Show Cause Order directing Plaintiff to show good cause in writing by May 29, 2013 why his Complaint should not be dismissed for failure to prosecute under Fed. R. Civ. P. 37(d) and 41(b). (Docket no. 28). Plaintiff was notified in the Order that his Complaint may be dismissed if he failed to comply with the Order. As of the date of this Recommendation Plaintiff has not responded to the Show Cause Order. The docket shows that Plaintiff has not been in contact with the Court since April 2011. (Docket no. 17).

**B.    Governing Law**

Rule 37, Fed. R. Civ. P., allows the court to dismiss an action or proceeding in whole or in part if a party fails to comply with a court order. Fed. R. Civ. P. 37(b)(2)(A)(v). Rule 37 also permits the court to order sanctions up to and including dismissal of an action against any party who fails to attend his own duly noticed deposition or respond to properly served discovery requests. Fed. R. Civ. P. 37(d)(1)(A), (d)(3).

Rule 41(b), Fed. R. Civ. P., allows a defendant to move for dismissal of an action based on

3

the failure of the plaintiff to prosecute or to comply with the federal rules or any order of the court. Fed. R. Civ. P. 41(b). Unless otherwise ordered, a dismissal under Rule 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b). The court should consider four factors before dismissing an action under Rule 41(b): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Schs.,* 138 F.3d 612, 615 (6th Cir. 1998).

**C.     Analysis**

Defendant has shown that Plaintiff violated the Court's Scheduling Order by failing to provide a Witness List and by failing to comply with discovery deadlines. (Docket no. 23). Defendant has further demonstrated that Plaintiff failed to attend his own deposition and respond to Defendant's discovery requests. In addition, Plaintiff violated the Court's Show Cause Order by failing to file a response as ordered. Thus, the Court is authorized to dismiss this action in whole or in part under Rule 37(b) and (d).

The Court has also considered the factors identified in *Stough* and concludes that this action may be dismissed based on Plaintiff's failure to prosecute this case under Rule 41(b). Under the first factor of *Stough*, it is apparent that Plaintiff's failure to conduct discovery, obey court orders, and respond to motions is willful and in bad faith. Defendant demonstrated that it gave Plaintiff several opportunities to request extensions and reschedule depositions to no avail. The Court also provided opportunities for Plaintiff to respond to motions and participate in this litigation which Plaintiff himself initiated. Despite these efforts, Plaintiff's last contact with the Court took place over two

4

years ago, on April 4, 2011. (Docket no. 17). Therefore, it is clear that Plaintiff is not keeping himself informed of the events of this case.

Under the second *Stough* factor, Defendant has been unduly prejudiced by Plaintiff's failure to prosecute his claim. Defendant has diligently attempted to defend itself in this action despite Plaintiff's repeated failure to obey court orders, respond to discovery requests and motions, and conduct discovery. Therefore, the second factor favors dismissal.

With respect to the third factor, the Court warned Plaintiff in its Show Cause Order that his failure to respond to the Order and provide good reason why this case should not be dismissed may result in the dismissal of his Complaint. Thus, Plaintiff has been made aware that his continued noncompliance with Court orders and deadlines could result in dismissal of his claims.

The last *Stough* factor also favors dismissal. Plaintiff has had opportunities to request extensions, reschedule depositions, amend his Complaint, and respond to motions. Yet despite the Court's warning of possible dismissal, he has continued to neglect his obligation to prosecute his case. Sanctions less severe than dismissal are not warranted given Plaintiff's complete failure to prosecute this action.

For the reasons stated above, the Court recommends that Defendant's Motion to Dismiss be granted, Defendant's Motion for Summary Judgment be denied as moot, and this action be dismissed with prejudice under Rules 37 and 41(b).

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a

waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 20, 2013                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of record on this date.

Dated: June 20, 2013                    s/ Lisa C. Bartlett
                                        Case Manager