## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAMES BAGWELL,

       Plaintiff,

v.                                   Case No. 11-CV-10032
                                       Honorable Denise Page Hood

OAKLAND COUNTY SHERIFF'S OFFICE,

       Defendants.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION TO DISMISS, DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation (R & R) dated June 20, 2013. The Magistrate Judge recommended that the Court (1) grant Defendant's Motion to Dismiss (Docket no. 26); (2) dismiss Plaintiff's Complaint with prejudice due to Plaintiff's failure to prosecute the action; and (3) deny as moot Oakland County's Motion for Summary Judgment (Docket no. 27). After review, this Court ADOPTS the Magistrate Judge's recommendations.

## I. BACKGROUND

On January 4, 2011 Plaintiff filed a Complaint against the Oakland County Sheriff's Office due to alleged mistreatment he suffered while incarcerated in the Oakland County Jail. (Docket no. 1). In March 2011, Defendant filed a motion to dismiss on the ground that the Oakland County Sheriff's Office is not an entity subject to suit. (Docket. No. 16). The Court ordered Plaintiff to file an amended complaint naming "Oakland County" as the proper Defendant. The Plaintiff failed to amend and the Court construed the original complaint as filed against Oakland County and allowed

the Plaintiff to proceed on Count Five of the original complaint. (Docket nos. 20-21).  Oakland County filed an answer denying count five on December 15, 2011. (Docket no. 22).

The Court then set deadlines for final witness lists and the discovery cutoff. (Docket no. 23). On September 7, 2012, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 37(d) and 41(b), and a motion for summary judgment on September 26, 2012. (Docket no. 26, 27).  Both motions were a consequence of Plaintiff's lack of action in response to court motions and orders. On May 14, 2013, the Court ordered Plaintiff to show cause by May 29, 2013 indicating why his complaint should not be dismissed for failure to prosecute under Fed. R. Civ. P. 37(d) and 41(b). (Docket no. 28). Plaintiff was notified in the order that his complaint may be dismissed if he failed to comply with the order.  As of the date of the Magistrate Judge's R & R, Plaintiff has not responded to the show cause order.

## II.   STANDARD OF REVIEW

This Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge.  The Court may also receive further evidence, or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).  If the Court accepts an R&R, it is not required to state with specificity what it reviewed. *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005).  It is sufficient for the Court to state that it engaged in a de novo review of the record and adopted the R&R. *Id*.  When there are no objections to the R&R, the Court is required only to review the record for clear error prior to accepting the magistrate's recommendation.  *Thomas v. Arn*, 474 U.S. 140, 147 (1985) *citing* Fed. R. Civ. P. 72(b).

2

### III.      ANALYSIS

Rule 37(b) states that if a party fails to obey an order to provide or permit discovery, the court may dismiss the action or proceeding.  Fed. R. Civ. P. 37(b).  Rule 37 (d) states that when a party fails to attend its own deposition or serve answers to interrogatories, a court may sanction that party by dismissing the action. Fed.R.Civ.P.37(d).  In the instant case, the record shows no evidence that the Plaintiff attempted to provide a witness list, comply with discovery deadlines, attend his own deposition, or respond to Defendant's discovery requests.  The Plaintiffs failure to respond to the above authorizes this Court to dismiss the action in whole or in part.

Additionally, Rule 41(b) states that if the Plaintiff fails to prosecute or comply with a court order, a defendant may move to dismiss the action against it.  A dismissal under this subsection of the rule operates as an adjudication on the merits unless the dismissal order states otherwise.  The record shows no evidence that the Plaintiff followed this Court's show cause order.   When contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's lack of action; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  *Stough v. Mayville Cmty. Sch.,* 138 F3d 612, 615 (6th Cir. 1998).

Taking the *Stough* factors into consideration, the Court concludes that this action may be dismissed. The Plaintiff has failed to communicate with this Court since his April 4, 2011 reply to motion to dismiss. (Docket no. 17).  The Plaintiff has not provided any evidence indicating why he was unable to conduct discovery, obey court orders, or respond to motions since April 4, 2011.  This Court, therefore, concludes that the first *Stough* factor calls for dismissal because Plaintiff's lack of

communication is willful and in bad faith.  The second *Stough* factor also suggests dismissal as the Defendant's ability to defend himself has been prejudiced by the Plaintiff's failure to obey court orders and respond to discovery requests.  The third *Stough* factor calls for dismissal because the show cause order gave the Plaintiff sufficient notice that his lack of attentiveness would lead to an order dismissing the action.  Finally, the fourth *Stough* factor suggests dismissal because despite the Courts warning of possible dismissal, Plaintiff failed to respond.  Given the Plaintiff's failure to adequately respond, less severe sanctions are not warranted.

## IV.    CONCLUSION

Accordingly, IT IS SO ORDERED that the Report and Recommendations of Magistrate Judge Mona K. Majzoub [Docket No. 29 filed on June 20, 2013] is ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 37(d) and 41(b) [Docket no. 26 filed on September 7, 2012] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [Docket No. 27, filed on September 26, 2012] is DENIED as moot.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  July 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

4